# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

JAY BARRINGER,

    Petitioner,

vs.                              Case No. 1:16cv273-MP/CAS

PAMELA BONDI, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

    This cause is before the court upon Petitioner's petition for writ of habeas corpus filed pursuant to 28. U.S.C. § 2254.  ECF No. 1.  Petitioner is currently incarcerated at the Cross City Correctional Institution, in Cross City, Florida, which is located in the Northern District of Florida.  He challenges his conviction from the Sixth Judicial Circuit in Pasco County, Florida, which is located in the Middle District of Florida.

    Since the Middle District is the district of conviction it would appear to be the most convenient for witnesses should an evidentiary hearing be necessary, and so transfer of this cause to the Tampa Division of the Middle District of Florida is appropriate.  Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (division of conviction, where witnesses were located, was appropriate venue over division of confinement in challenge to conviction); Parker v. Singletary, 974 F.2d 1562, 1582 and n. 118 (11th

Cir. 1992) (courts should give careful consideration to the convenience of witnesses in transferring habeas corpus petitions under § 2241(d), citing Mitchell).

Accordingly, it is **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Tampa Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on August 23, 2016.

*Charles A. Stampelos*
CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.